IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01380-EWN-MEH

TARA NEWLAND,

Plaintiff,

v.

STEVINSON TOYOTA EAST, INC.,

Defendant.

---

ORDER GRANTING MOTION TO AMEND ANSWER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Amend Scheduling Order and to File an Amended Answer (Docket #19). The Plaintiff has filed a response to the motion (Docket #22), objecting to the request, and the Defendant has submitted its reply (Docket #25). The motion has been referred to this Court for resolution (Docket #20). Oral argument would not materially assist the Court in adjudicating this matter. For the reasons stated below, the Defendant's motion is **granted**.

**I.      Facts**

The Plaintiff designates two claims for relief in her Complaint filed on July 24, 2005 (Docket #1): (1) Quid pro quo sexual harassment under Title VII and 42 U.S.C. § 2000-e, and (2) hostile work environment under Title VII and 42 U.S.C. § 2000-e. On October 31, 2005, the Defendant filed its Answer to the Complaint, setting forth its admissions and denials to the allegations against it, and specifically reserving "the right to plead additional defenses as a result of further investigation and discovery" (Docket #7).

A Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) was held in this case on November 23, 2005, and case management deadlines were set at that time (Docket #10). The following deadlines were specifically set at that conference.

| | | |
|---|---|---|
| ! | Deadline for Joinder of Parties and Amendment of Pleadings: | December 13, 2005 |
| ! | Discovery Cut-off: | February 28, 2006 |
| ! | Dispositive Motion Deadline: | March 24, 2006[1] |
| ! | Plaintiff's Expert Witness Disclosure: | January 1, 2006 |
| ! | Defendant's Expert Witness Disclosure: | February 1, 2006 |

At that time, the Plaintiff's deposition was scheduled for January 6, 2006. However, prior to that time, the Plaintiff requested that her deposition be postponed, and she was not deposed until February 20, 2006. During her deposition, the Plaintiff admitted that although she had represented to the Defendant in her job application that she had a Bachelor's degree in Psychology from the University of Washington, she did not have such a degree from that school. Based on this testimony, the Defendant seeks permission to amend its Answer after the deadline established in the Scheduling Order to include the affirmative defense of after-acquired evidence.

Plaintiff objects to the amendment, arguing that the Defendant has failed to establish good cause for the out-of-time amendment. Further, the Plaintiff argues that under the claims she has made, the affirmative defense of after-acquired evidence is impermissible because she has not asserted a claim for actual or constructive discharge, only for sexual harassment *quid pro quo* and hostile work environment, and is not seeking damages from a discharge. The Plaintiff additionally argues that the defense is irrelevant because the doctrine applies only to cases of actual discharge,

---

[1]The dispositive motion deadline in this case was actually set by the Honorable Edward W. Nottingham in the General Case Management Order and Order of Reference to United States Magistrate Judge (Docket #4).

-2-

which is not present here.

Defendant counters that while the Plaintiff has not designated a stand-alone claim for constructive discharge, the allegations of her Complaint assert such a claim. Citing to the Complaint, the Defendants point to allegation by the Plaintiff that "[o]n June 10, 2003, Plaintiff, who wanted to remain at work, was forced to leave Defendant's company, because she could not tolerate the behavior of her co-workers, supervisors, and managers" (Docket #25). The Defendant also points out that the Plaintiff requests back pay and front pay as damages in this action. The Defendant argues that since the Plaintiff has alleged constructive discharge, and the defense is not limited to just cases involving actual discharge, it is appropriate to allow the amendment. Defendant asserts that "[u]nless and until Plaintiff amends her Complaint to withdraw these allegations and claims, Defendant has a right to assert the defense of after-acquired evidence" (Docket #25).

**II.     Discussion**

The Plaintiff's argument that the Defendant has failed to establish cause for the out-of-time amendment of its Answer is without merit. Based upon information contained in the Scheduling Order entered in this case on November 23, 2005, the parties had agreed to the taking of Plaintiff's deposition in January 2006 (Docket #10). At Plaintiff's request, the deposition was re-scheduled to late February 2006. The information obtained by the Defendant during the deposition, upon which it now bases its request to amend its Answer, did not and most likely would not have come to light previously. The Defendant's request to amend was promptly filed after the transcript from the deposition was received. Accordingly, the Defendant has established cause for the amendment of its Answer at this time.

While the Plaintiff has carefully designated only two claims for liability in this action, under the allegations of her Complaint and the relief she seeks, *i.e.*, front and back pay, her damages are directed at the circumstances of her discharge.  If the Plaintiff's claims of sexual harassment and hostile work environment did not in any way affect her salary or compensation, or were not somehow the cause of her discharge, then her requests for back pay and front pay are inappropriate and inapplicable as remedies for her two claims.  The relief a plaintiff seeks must redress the injury claimed.  *See, generally, Baca v. King* 92 F.3d 1031, 1036 (10th Cir. 1996) (to meet the redressability requirement of standing, "a plaintiff just show that there is at least 'substantial likelihood "that the relief requested will redress the injury claimed."'") (quoting *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 75 n.20 (1978)). Claims of sexual harassment and/or hostile work environment standing alone address only working conditions, and not compensation or actual employment status.  Accordingly, the Plaintiff has placed the fact of her discharge at issue in this lawsuit under her claim for damages, and the Defendant is entitled to defend against that claim.

While the Plaintiff appears to argue that the doctrine of after-acquired evidence has not been extended to situations of constructive discharge, she cites to no case law or other authority directly supporting her argument.  As noted by the Defendant in its reply, trial courts have allowed the defense in situations involving constructive discharge.  Based upon the Complaint in this action, and the persuasive case law cited in this regard, amendment of the Defendant's Answer to add the defense in this case is appropriate.

Finally, what is at issue here is still the pleadings.  The final pretrial order will supercede the pleadings and will establish the issues to be considered at trial.  *Wilson v. Muckala*, 303 F.3d

1207, 1215 (10th Cir. 2002).  The pleadings are intended to serve a notice function, to outline the parameters of discovery, and to provide the opportunity for motion practice.  *Id.*  For example, Plaintiff will have the opportunity to file a motion in limine to exclude anything relating to "after-acquired evidence" if she believes that her theory of the case does not support such a defense.  It is premature to bar such a defense at this time.

**IV.   Conclusion.**

Based upon the foregoing, and the entire record herein, the Defendant's Motion to Amend Scheduling Order and to File an Amended Answer [Filed February 27, 2006; Docket #19] is **granted.**  The office of the Clerk is directed to file the proposed Amended Answer tendered to the Court on February 27, 2006 as Attachment #1 to Defendant's motion at Docket #19.

Dated at Denver, Colorado, this 10th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge